

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Wm. J. Lawson
Secretary of State
Austin, Texas

Dear Sir:

Attention: Mr. Will Mann Richardson

Opinion No. O-3517
Re: May American Safe Deposit
Company, due to the fact that
it was formed before Art. 4969
was passed, amend its charter
increasing its capital stock
and still have less than
$100,000.00 capital stock?

Your recent request for an opinion of this department on the above stated question has been received.

We quote from your letter as follows:

"The above named corporation was granted a charter in 1923 'to do a general fiduciary and depository business as authorized under subsection 37 of Article 1121 of the Revised Civil Statutes of the State of Texas adopted in 1911'. Subsequently the Legislature passed Article 4969 of the Revised Civil Statutes of 1925 which requires fidelity and guaranty companies to have a paid up capital stock of not less than $100,000.00.

"This corporation, however, still has only a capital stock of $10,000.00, but wishes to increase its capital stock to $15,000.00. The question that has been raised is whether the corporation, due to the fact that it was formed before Article 4969 was passed, may amend its capital stock and still have less than $100,000.00 capital stock.

"We have opinions from your Department holding that such corporation's charters and amendments

Hon. Wm. J. Lawson, page 2

must be approved by this Department, but this
particular question does not seem to have been
raised previously.

"The attorneys for the company feel that
the company's original charter is not required
to comply with the subsequent statutes providing
for an increased minimum capitalization.

". . ."

The purpose clause in the above mentioned charter reads
as follows:

"The purpose for which this corporation is
organized is to do a general fiduciary and deposi-
tory business as authorized by subdivision 37, of
Art. 1121 of the R. C. S. of the State of Texas,
adopted in 1911."

We cannot agree with the statement in your letter wherein
it is stated in effect that the charter was granted to the
American Safe Deposit Company in 1925 and was prior to the
passage of Article 4969, Vernon's Annotated Civil Statutes.
It will be noted that Article 4969 was originally passed in
1897 and amended in 1905 and again amended in 1913 and there-
fore was in force and effect when the charter was granted to
the above mentioned company. Subdivision 37 of Article 1121
of the Revised Civil Statutes, 1911, among other things auth-
orized the formation of private corporations "to do a general
fiduciary and depository business." Article 1121, supra, is
now Article 1302, Vernon's Annotated Civil Statutes, and the
codifiers in 1925 left out the subdivision under Article 1302
authorizing the formation of corporations "to do a general
fiduciary and depository business." However, Article 4969,
supra, authorized the formation of private corporations "to do
a general fiduciary and depository business," and was in force
and effect when the above named company was incorporated. It
will be noted that Article 4969 does not expressly repeal sub-
division 37 of Article 1121. However, the two statutes under
consideration herein are in pari materia and their provisions
in such respect cannot be reconciled. And under such circum-
stances the older statute will be held to be repealed by impli-
cation to the extent of the conflict. It is presumed that the
Legislature intended to repeal all laws and parts of laws

Hon. Wm. J. Lawson, page 3


clearly inconsistent with its latter acts. (39 Tex. Jur. p. 145). We are not passing upon the validity of the existing charter of the American Safe Deposit Company as this question is not before us.

It will be noted that Article 4969, supra, provides in effect that all corporations organized under the provisions of said Article shall have a paid up capital stock of not less than One Hundred Thousand Dollars ($100,000.00) and shall keep on deposit with the State Treasurer money, etc., in an amount not less than Fifty Thousand Dollars ($50,000.00), and as above stated this Statute was in force and effect at the time the above mentioned company was granted a charter to do a general fiduciary and depository business. Considering the above mentioned statutes, with reference to the question under consideration, it is our opinion that said company has no authority to increase its capital stock in the amount and manner as mentioned above. Therefore, we respectfully answer the above stated question in the negative.

Trusting that the foregoing fully answers your inquiry, we are

APPROVED JUN 7, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

AW:H

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN